Good morning. My name is John Scott. I represent Loranne Franklin. There are three primary issues I would like to discuss this morning, beginning with the race judicata issue. I want to start with the 1983 law, as opposed to the Title VII law, in reasoning that because there was the same primary right, which we dispute, that there was the same primary right here, that the adjudication at the State Personnel Board, which was reviewed by the State Superior Court, essentially deprived my client of pursuing a retaliation claim under Title VII. Well, if she had a 1983 claim, I believe that would be true, but assuming you get into the same, there is the same primary right. But under Title VII law, with Tennessee v. Elliott, it's clear that if a retaliation claim has not been adjudicated at a State court level with State court review, you are not precluded from pursuing that complaint simply because you made an administrative complaint of retaliation to a State agency. It seems to me California law is very clear that there is a different primary right between your due process right to contest a termination and to be able to go to a State Personnel Board hearing, which is your due process right to contest whether there's good cause to terminate you. And that's a different primary right from claiming that there's retaliation. And I would like the court to look at this in the context of what is now the mixed motive jury instruction, Ninth Circuit-approved jury instruction. And I'm kind of circling to really the last argument, which I think helps look at this entire case. And I would refer to that as the so what argument. In other words, if there's a determination that there was cause to terminate you, why can you go to trial on a retaliation claim? What is there to decide? Well, what there is to decide is even if there was quote unquote cause to terminate you, would the employer have terminated you in the absence of retaliation? And that is exactly the mixed motive jury instruction that the NICE- Also, theoretically, an employer does not have to fire everyone that it has cause to fire and may not, in fact, in the past have done so. That's your- Exactly. And that's what the, there is a, there's an OIG, not the OIG report that's under seal, but there's a letter in the record, and it is at page 562 of the transcript. It said, Exhibit B to my client's declaration. It's a letter- Where is that in the record? 562. Of the transcript, you said, but what is, where is that in the record? Oh, it's Exhibit B in my client's declaration filed in opposition to summary judgment. And it's at 562 of the transcript here. And that letter is from the Inspector General, it's dated February 25, 1999, to a state senator, Kathy Wright. And that letter talks about the fact that the Inspector General has been investigating a number of issues regarding youth authority and misconduct and individuals who were selectively targeted for abuse. Or disciplined. And that letter is, kind of gives context to what is in the OIG report that's under seal. And it helps give context in the point the Court made. There's selective prosecution going on. And why is there selective prosecution going on? Why is, why are some people being disciplined or fired for the same quote-unquote misconduct that other people aren't being disciplined for? What does the State Board even have within its jurisdiction or its mandate, the obligation to, once it's decided that there was cause to even consider whether there was also retaliation going on? Well, that has a two-part answer. In this case, if the employee makes a separate complaint of retaliation, and there's two ways you can do that under, two general ways an employee can do that within the state structure. You can make a complaint to the State Personnel Board of Retaliation under Government Code Section 8547. Or, you can make a complaint to the Inspector General under Penal Code Section 6129. Now, regrettably, that wasn't explained very much in the briefs. However, it is, it is referenced in my client's declaration, and that's at Section 544 of the transcript. It's Paragraph 17 of her declaration. She refers to retaliation complaints that she was making, both to the SPB under Government Code Section 8547 and under Penal Code Section 629. And if, and I regret I didn't include the language of 6129 in the briefs, but Penal Code Section 629 is a provision, and it is why we have the OIG report here in the first place. If a state employee complains to the Office of the Inspector General of Retaliation, now if his supervisor employs, the statute says the Inspector General must investigate. But, Counsel, let me ask you this. What, how would that play into the hearing before the State Personnel Board that is examining the cause issue? There's, I'll tell you how usually it would work. The way I understand the statutory scheme, the way it's supposed to work. The way it's supposed to work is the State Personnel Board is just supposed to stop its hearing until the Inspector General has completed its investigation and come back with its report. Now, Ms. Franklin and her, whoever was representing her at the time, I don't know, the record is unclear whether they asked for that to happen. They were certainly saying, we want the OIG report. But the way I read Section 6129, the idea being is that if there's a complaint of retaliation out here that's being independently investigated, in this case by the Inspector General, and that retaliation relates to the discipline that we're looking at, what should happen, I believe, and if the statutory scheme anticipates, the SPB hearing will be on hold until that investigation is completed. Once that investigation is completed, the report, which would happen in this case, gets sent to the employer to take appropriate action. In this case, the report says, and I'm talking about the substance of it, procedurally, the report says, we want you to redo the investigation. You blew it. The investigation is not supported. The allegations are not supported by any of the evidence. Redo the investigation, which is what should have happened in this case. The problem was the youth authority didn't get that report until after my client had gone through the SPB process, had been terminated, had petitioned for rehearing, had the rehearing denied. All the while, she believes there's an OIG report. Actually, she was told that there was an OIG report in her favor by the Inspector General, Mr. Wood, in January of 1999, but for reasons that we don't know, that report is not dated until August 25th, 2000. The youth authority got that report August 25th, 2000. Now, how do you unring the bell? Now, I believe what should have happened in this case is the youth authority should have complied with the Inspector General's recommendations, redone the investigation, and after it redid the investigation, she should have had her SPB reopened based on once they redo the investigation to do it right. That didn't happen here. What happened here is the youth authority, from what I can tell on the record, did not follow the recommendation from the Inspector General, did not reopen the investigation, did not redo it, and while my client is going through every imaginable, before I got in the case, every imaginable legal procedure she can, whether in state court, in the state personnel board, trying to get somebody to look, get the Inspector General report, and act on it, the youth authority is hiding the ball, is holding that report, not giving it to her, not giving it to the board, and letting her kind of, you know, flail, drown with the SPB in the state court saying I want to protect my rights, I want the Inspector General's report, and she doesn't get it until when? Until in this lawsuit, subject to a protective order, so even when she gets it, she can't use it, except in this lawsuit. In August of 2002, she gets the Inspector General's report, now it's too late for her to do anything in state court with it, and because of protective order, she can't use it in state court anyway. So what I want the court to understand is, theoretically, a person could, you don't have to, theoretically a person could go to the SPB and say I want to adjudicate my termination and my retaliation all here at the same time, and if that person elected to do so, and didn't, and got a bad result, and took it to a state court to review and approve, we'd have res judicata, but that's not what happened here. If that person didn't go to state court, and just got a decision from an administrative law judge, and then came to federal court title 7, that wouldn't be any kind of res judicata bar, or plannable estoppel bar, from going forward with a title 7 claim. But what happened here? My client went to the Inspector General and made a retaliation complaint initially, July 17th of 1998, before she was terminated, but she saw the handwriting on the wall. She did so immediately after she was notified, we're going to interview you because of these allegations against you, and here's all these allegations against you. Her complaint to the Inspector General, if you go from reading the report, obviously became an investigation of her termination and the basis for her termination. So we have her electing, instead of trying to get a remedy in the state personnel board for her claim of retaliation, she went, before she even got terminated, and went to the state personnel board to have a hearing on the good cause for her termination. She has made a complaint to the Inspector General of retaliation. She stayed with that complaint, made subsequent complaints, and unfortunately aren't very well documented in the record, but she does have a declaration. And again in 1999, she went to the state personnel board, tried to make a complaint of retaliation, but it simply merged with the complaint to the Inspector General, which under Penal Code section 6129 is what is expected to occur. What happens under the statute, if you make a complaint to the Inspector General of retaliation, the Inspector General will contact the state personnel board. Likewise, if you make a complaint of retaliation to the state personnel board, the state personnel board may notify the Inspector General. So you have, it's a coordinated effort under a statutory scheme of letting a public employee, and it's not any public employee, because Penal Code section 6129 was passed and designed to protect employees of the Department of Corrections and the Youth Authority and the Parole Board. Counsel, you have about two and a half minutes, if you'd like to save some time for it. Thank you. I would like to, I would like to save some time. Thank you. Good morning, Your Honors. I am Deputy Attorney General Patricia Nevinen, and I'm here on behalf of the California Youth Authority. As this Court makes its de novo review of the grant of the summary judgment on behalf of the California Youth Authority, it must decide what weight is to be given to the state court rulings, which have already adjudicated Ms. Franklin's claim that she was improperly terminated from her job. Now, appellant would have the parties in this Court, after years of litigation, to just ignore those proceedings. But the doctrines of res judicata and collateral estoppel both dictate that that cannot happen. Counsel, don't we have to decide exactly what was adjudicated? To some extent, yes. Now, in the, first we have to decide, if we're looking at res judicata, what was the primary right which was adjudicated below and in the state courts? And that primary right was the right to employment, the right to not be terminated from that employment without good cause. Well, in California law, it's a property right, and that's why you have these due process procedures, right? Yes, there are due process procedures. Because it's a property right. Yes, Your Honor. A right to not be terminated without cause. Yes, Your Honor. But it's still the same right to the same job, and if we stand here and parse out each little aspect of that job, the state employees will be able to litigate over and over again the same issues. And in this case, Ms. Franklin did in fact adjudicate whether there was retaliation in the decision to terminate her. She raised it with the State Personnel Board. She testified and argued that these allegations against her were manufactured, thereby raising the issue of pretext. The administrative law judge acknowledged those arguments and yet still found that under Government Code Section 19572, she had properly been disciplined by being terminated. Was there a finding made on the retaliation issue specifically? He did not articulate a finding, but he articulated in the decision that she was claiming that the grounds were manufactured, and then he went ahead and decided against her. So we can look at it. So you could say he implicitly found that, implicitly made a finding that what the people who fired her said about her was true, and that constituted cause. But did he really get to the separate analysis of did they also have a retaliatory motive? Because that wasn't necessary to do what he needed to do under the statute. It was not necessary? It was either or. In other words, it was either or under what he had decided that there was good cause, or even cause, or not. And looking at this record, you could say there was cause. But the question that seems to be left over is, was there some cause and also some retaliation? And he didn't rule on that. He did not specifically rule on that, Your Honor. But res judicata applies not only to claims that are actually adjudicated, but claims that could have been adjudicated. And Ms. Franklin raised the issue of retaliation. What case authority are you relying upon to say res judicata applies to claims that could have been adjudicated? I know it applies to claims that could have been brought. But what says it applies to claims that could have been adjudicated but were not? And I apologize, Your Honor. I do not have that citation before me. But it was argued in the brief. We did make the citations to the case law in our brief on the issue of claims that could have been adjudicated. It is there. And in this case, Ms. Franklin raised the issue of retaliation in the State Personnel Board proceedings. And she claimed that she was being fired in retaliation for having filed the civil lawsuit in the California courts. And then she hinted at this claim. She mentioned this claim throughout the appellate process, although she did not fully brief it at most levels. And if she raised it but didn't fully brief it, maybe she semi-abandoned it. But the issue was there. She had the opportunity. That is semi-abandonment? I mean, I don't understand that term. And, you know, abandonment has a legal significance, but I don't know what semi-abandonment is. Well, if we're looking at what could have been litigated, it could have been litigated, but she chose not to. She kept mentioning it, but she didn't actually brief it. So the courts could have found that she abandoned it, but this Court can still find that she had the opportunity to litigate it because she mentions it at every step along the way, that this is retaliation. She always comes back to, this is retaliation. So it's not clear-cut whether she actually abandoned it, but there is no doubt that she had the opportunity to litigate it in every state and administrative forum which she participated in before getting to the federal court. Yes. Aside from the issue of argument that the issue was not adequately raised or litigated by the plaintiff, or that it could have been adjudicated by the administrative law judge, what is your argument? That it could have been adjudicated because she raised it. So clearly- She didn't abandon it then. She did not abandon it at the state personnel board level, and she was still arguing it at the time of the state appellate court level, where she was still trying to get the Inspector General report and claim that that would somehow help her on her retaliation claim. Now, on the issue of the Inspector General report, Ms. Franklin has not yet identified to this Court or any other forum what contents of that report actually support her claim. Counsel, I just remind you of the order on the content of it. Certainly. Well, and also, Counsel, if you start talking about its findings, then, and you're the party that wanted the protective order, then you're disclosing it. I wonder how long that protective order would stand. Well, I believe what I said is nowhere in their argument, meaning their briefing, how she pointed that out to you. I don't think by saying that I have mentioned any of the actual contents, and Mrs.- You're using it in your favor by saying she didn't point it out, and Ms. Franklin they didn't actually point out its findings because of the protective order. So that's kind of against- It is. You can't use it against them. In his oral argument, he could not, but there was nothing which precluded him from putting it in his briefing. All of the briefing has been under seal, and we're here today with still no argument having been provided in the briefing as to how this document would have made a difference. One thing opposing counsel argued here today was that there was a finding that the investigation was not properly done, and his interpretation of California law is that the personnel proceedings should have ceased until the investigation, until there was a reinvestigation. What's your response to that? Well, there's no point in doing a reinvestigation. Once the State Personnel Board had reached its conclusion, there were already seven days of testimony with cross-examination, with documents being presented by both sides. To go back at that point to do a new investigation, to re-interview those witnesses who have already testified under oath and been cross-examined would be a futile act. So is your response that even if the law required a reinvestigation based on the findings of the IG report by the Inspector General, that the CYA was at liberty to disregard the law in that regard? I'm not aware of any law that requires a reinvestigation. I have not seen anything that would indicate that they are mandated to conduct a new investigation. So what is the purpose of the IG report? If there is retaliation, and I'm talking theoretically, I'm not talking about this particular case. Do you agree that the IG has the authority to investigate a claim of retaliation in state government? In the prison systems and the youth authority, yes, Your Honor. Okay, so if the IG has that authority, then what happens once that investigation is done and the report is presented? Then what happens after that? I'm not sure in an overall general context. I know the Inspector General makes recommendations. I do not believe that the Inspector General has any enforcement arm. I don't think they're allowed to do anything. But the interaction, in your view, between the State Personnel Board proceedings and the Inspector General's proceedings in those situations where there's an overlap for corrections employees, I mean, opposing counsel set up a construct suggesting that the State Personnel Board proceedings had to await the Inspector General's recommendation, that that was the whole point. And that didn't happen here. So what is your view of, just again in a theoretical procedural sense, how those two things fit together? Certainly, Your Honor. Ordinarily, no one knows that the Inspector General is investigating. The State Personnel Board would have no way of knowing that there's an Inspector General investigation going on unless someone came to the State Personnel Board and made that representation to them, which actually did happen in this case. Okay, what are they supposed to do once they know? Proceed. If no one has asked for a stay of the proceedings, there's nothing to cause them to stop. There's nothing in the statutory scheme that says everything comes to a halt while we wait for the Inspector General. But in this case, the Inspector General's report didn't issue until after even, I think, her summary judgment in feral court, right? It didn't even issue until after all the proceedings here were, according to its date, it says August 25, 2000. Correct, Your Honor. And I'm sorry, I didn't understand the question. You're correct, that's what the date was. So how would anyone know about it or be able to use it? They're not supposed to know about it or be able to use it in State Personnel Board proceedings. The Inspector General's primary function is to go in and clean up corruption and other problems in the prison systems and the youth authority system. It is not there specifically for the benefit of the employees. The State Personnel Board is there to benefit them. Would it not be relevant evidence in a Title VII action? I'm sorry, what, the Inspector General report? Are you asking specifically this case or in general, theoretically? I'm asking this case. Isn't it evidence in a Title VII action, relevant evidence? No. Its findings are not? No, it is not, Your Honor, because the – well, without getting into the contents of it, which you have seen, it makes no factual findings which benefit anyone in this case. Why would the district court allow it in the evidence, then, if it's not relevant? I'm sorry, I'm not sure that the court did. I know that it was accepted as part of the record. It's admitted into evidence unless you object. But you didn't object. All you did was seek to seal it. Right, but the factual findings did not support the plaintiff's claims. They did not support the defendant's claims. The findings of the Inspector General report did not benefit anybody. They had no probative value on any issue. But in order to determine that, the document had to be part of the record. Well, you can look at the record. If a judge thinks that the proffered document has no relevance, it's not admitted into evidence. No. Then I must disagree with the district court's ruling. It is not relevant on the record. And was there a pretext? The report is not probative on either of those issues. And therefore, it should not be considered as evidence. In this particular case, there are times where perhaps a report from the Inspector General might, if there were factual findings that were relevant to the issue in a Title VII case. Counsel, in a Title VII case, if there is evidence that procedures are not adhered to, that's evidence of pretext and evidence of retaliation. Wouldn't you agree that? I would agree that it can be. The fact that someone chose to interview certain witnesses and not other witnesses, is that a procedural defect that is relevant? The counsel and the content of the internal investigation is definitely relevant. And there is nothing about that investigation that wasn't already before the State Personnel Board and isn't available in the Title VII case without reference to the Inspector General report. All that does is perhaps provide a road map to someone on what they might want to question. But the actual factual context of the internal investigation is already in evidence. And one person's opinion on that is not evidence, in my opinion. Thank you, Counsel. Your time has expired. And, Mr. Scott, I believe you had a question. We have about a time remaining. Thank you. I would first like to address the abandonment issue. It's really an election issue. And my client obviously from the very beginning elected to resolve her retaliation claim through filing this lawsuit in this court and by going to the OIG. She elected not to litigate her retaliation claim before the administrative law judge who was hearing her case of termination. Counsel, is there anything in California law, with which I am not particularly familiar, I still struggle with it, that would prevent the splitting of a claim in that way? Well, not under these circumstances. You get back to primary right. If it's the same primary right, you can't split it if you're the one filing a lawsuit. If she was, as opposed to, it's kind of strange to apply it to somebody who's being terminated, who may have remedies under Title VII, under 1983, have another remedy. And we've terminated, you have a right to a hearing. Okay? And then to say, okay, I would like to have my hearing before the State Personal Board. She could have elected not to. She could have said, I'm not going to have a hearing here, I'm just going to go have my lawsuit. But she had a hearing with the State Personal Board. Now, to say that that person who elects to use their due process rights to try to contest a termination, to say that once you've done that, this is it, you have to exhaust here before an administrative law judge any and all remedies you think you have under Title VII, under Section 1983. Any remedies you have here is kind of putting things on its head, because what would she get? She doesn't get the Title VII remedies. If she even won at the administrative law judge, she doesn't get general damages, she doesn't get attorney's fees. She just gets her job back, right? She just gets her job back. Counsel, what about opposing counsel's representation that the retaliation point was raised before the State Personnel Board? She kept saying, I would like to get the OIG report. Once she found out, was told in January 1999 that the OIG, at least she believed, had found in her favor, she kept saying, I want to bring the OIG report in here to evidence to show that I've been unjustly terminated. But without that OIG report, her eggs, her retaliation eggs were with the OIG. And still all throughout in the OIG basket and in this federal lawsuit. She never said, instead of relying on this OIG report, she didn't abandon the complaint to the OIG. That was always there. She didn't say, I'm going to forget about the OIG and litigate my retaliation here before the State Personnel Board. She consistently said, I have a retaliation complaint out there with the OIG, and I would like you, State Personnel Board, to consider the report of the OIG before you go forward and decide to terminate me. I would quickly like to refer some sections in Penal Code Section 6129, which the Court can take judicial notice of. But there's been a lot of reference here about what does California law require. Under penal codes, and forgive me, Your Honors, there have been amendments to this statute, and I'm not prepared to tell you what the amendments, what was in effect today versus maybe three or four years ago. It's referred to in your briefing? No. The only place it is in, it is in the record. It's not referred to in the brief. But it's in the record. It's in my client's declaration. She refers to Penal Code Section 6129. So it is part of the record. It's at page 544 of the record, which you are The part you already told us about. Yes. And Penal Code Section 6129, at subsection small b, subsection 3, says, In a case in which the complaining employee has also filed a retaliation complaint with the State Personnel Board, the State Personnel Board shall have the discretion to toll any investigation. Okay? You have well exceeded your time. I think we understand your position. I would just urge the
judges: Graber, Wardlaw, Rawlinson